United States District Court
Southern District of Texas
**ENTERED**
March 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARCIAL MARTINEZ<br>Petitioner, | §<br>§<br>§ | |
| VS. | §<br>§ | CIV. NO. 7:21-cv-154 |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ | |

## REPORT & RECOMMENDATION

Petitioner, Marcial Martinez, a federal prisoner proceeding *pro se*, has filed a Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Dkt. No. 5.) Government has moved to dismiss the motion for failure to state a claim upon which relief can be granted in the Respondent United States' Response and Motion to Dismiss Petitioner's Motion/Complaint for Return of Property, filed September 2, 2021. (Dkt. No. 7.) Additionally, Government stated that it is willing to return the four requested cell phones to Petitioner if he provides additional information. (Dkt. No. 11.) However, Government noted, it did not have in its possession all of the property requested by Petitioner. (Dkt. No. 7 at 2-4, ¶¶ 4(a)-(f).)

Petitioner has neither communicated with the Court since May 2021 nor complied with the Court's previous Order to provide information regarding the return of his cell phones issued on November 1, 2021 (Dkt. No. 11); therefore, the undersigned recommends Petitioner's Motion for Return of Property (Dkt. No. 5) be dismissed without prejudice for lack of jurisdiction and failure to prosecute. Further, Respondent's Motion to Dismiss (Dkt. No. 7) should be denied as moot.

## BACKGROUND

On January 15, 2019, Petitioner was charged in the United States District Court for the Southern District of Texas, McAllen Division, with one count of conspiring to possess with intent

1

to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), in criminal case number 7:19-cr-0078-04. (Crim. Dkt. No. 13 at 1.)[1] Previously, on December 5, 2018, the Dallas County Sheriff's Department arrested Petitioner. (Dkt. No. 7-1.) Agents of the Department of Homeland Security, Homeland Security Investigations (HSI), were involved in Petitioner's initial arrest in Dallas County and in the seizure of Petitioner's property. Petitioner was arrested as part of an undercover operation where Petitioner arrived to pay undercover agents for their transportation of liquid methamphetamine from Hidalgo County, Texas to Dallas County, Texas. Petitioner pleaded guilty to the offense pursuant to a plea agreement and was subsequently sentenced to 300 months in federal prison, entered against him on February 21, 2020, in the United States District Court for the Southern District of Texas, McAllen Division.[2] (Crim. Dkt. No. 185 (Judgment in Criminal Case noting sentencing occurred on January 21, 2020 and judgment was filed a month later).)

## PLEADINGS

On November 20, 2020, Petitioner filed a Motion for Return of Property ("Petitioner's Motion") pursuant to Federal Rule of Criminal Procedure 41(g). (Dkt. No. 5.) Petitioner seeks the return of the following items he alleges were seized at the time of his arrest and not returned by Government: (1) Versace jacket valued at $2,300, (2) Cuban link chain valued at $5,500, (3)

---

[1] Citations to "Crim. Dkt." are in reference to the underlying criminal prosecution of Petitioner in *United States v. Marcial Martinez, et al.*, Case No. 7:19-cr-00078-04, that was before the Hon. District Court Judge Micaela Alvarez. A court "may take judicial notice of prior court proceedings as matters of public record." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) (citing *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (noting a court may take judicial notice of its own records or those of inferior courts)).

[2] Petitioner's projected release date from the Bureau of Prisons is April 8, 2040. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc// (last visited February 23, 2022).

2

Franco chain, diamond encrusted and with a cross, valued at $3,600, (4) 5 pairs of pants valued at $150, (5) 3 sweaters valued at $100, (6) 6 shirts valued at $150, (7) $20,000 U.S. currency, (8) $25,000 U.S. Currency, (9) Galaxy 9 cell phone valued at $900, (10) Galaxy 9 notepad valued at $1,200, (11) another Galaxy cell phone valued at $1,400, and (12) a Galaxy notepad valued at $600. *Id.* at 2. Since Petitioner's criminal case had concluded, Petitioner's Motion was construed as a civil complaint under 28 U.S.C. § 1331. *See* Dkt. No. 1.

In Petitioner's Motion, Petitioner requested the Court require the government or its agent(s) to release "by Rule 18 § 981(A)(1)(c) and title 28 § 2461" all property and cash to Petitioner "that was not subject to charge[,] indictment nor formal hearing(s)." (Dkt. No. 5 at 1.) "The seized property has a total value of $56,750,[3] which is no longer needed for evidentiary value." *Id.* at 2. Petitioner asserts he "holds the rights to seek civil action under [the] Little Tucker Act for the total value of all unreturn[ed] items seized on December 5, 2018," citing "233.7(1)(2)." *Id.* at 3. Petitioner argues he was entitled to a hearing "to allow the defendant to agree or disagree to forfeit the monies seized which is required." *Id.* Petitioner claims, "There was no civil forfeiture complaint against the seized currency under the Civil Asset Forfeiture Reform Act," citing "28 U.S.C. § 2465(b)(1), *United States v. $67,220.00 in United States Currency*, 957 F.2d 280, 286 (6th Cir. 1992)." *Id.* (cleaned up). Finally, Petitioner states there was no civil complaint filed under "21 U.S.C. § 881, *U.S. v. Certain Real Property 566.*"[4] *Id.* (italics added).

---

[3] The value of the seized money, as set forth by Government with receipts, is $27,961. *See* Dkt. No. 7 at 3; Dkt. No. 7-8 at 2-3, Exhibit H. Since Petitioner has not set forth sufficient evidence rebutting the Government's evidence and Government provided sufficient evidence that there is no additional currency, the undersigned properly presumes the amount seized is $27,951. *See Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007) (noting that *conflicting* evidence about the money the government possesses could amount to a district court proceeding to the merits of a petitioner's motion and where a finding of whether the government *actually possesses* the additional currency [the petitioner] seeks is a necessary predicate to the resolution of his or her motion).

[4] The undersigned believes Petitioner was citing *United States v. Certain Real Prop. 566 Hendrickson*

3

On September 2, 2021, Respondent filed a Response and Motion to Dismiss Petitioner's Motion/Complaint for Return of Property. (Dkt. No. 7.)

## I. Property Seized

To better understand where the items in question have been seized or are currently located, the chain of custody for each item or group of items is discussed below.

### a. **Items 1, 2, 3, 4, 5, and 6-Jewelry and Clothing**

The Dallas County Sheriff's Chain of Custody document indicates that it seized (or later gained custody through transfer) of the two yellow metal chains (Items 2 and 3) during Petitioner's 2018 arrest. (Dkt. Nos. 7-1, 7-2; respectively Exhibits A, B.) Respondent does not know of the whereabouts of Items 1, 4, 5, and 6, all items of clothing, however, Respondent does point out the clothing may have been handled by the Dallas County Sheriff's Department when Petitioner came into their custody. (Dkt. No. 7 at 4.) Petitioner did not contest Respondent's assertions.

### b. **Item 7-Currency**

HSI agents effectively seized the $20,010, indicated by Petitioner as Item 7, when they obtained Petitioner's payment for the transfer of methamphetamine. *See United States v. Martinez*, 829 F. App'x 57, 58-59 (5th Cir. 2020). Petitioner paid the HSI agents in Dallas. *Id.* Government then deposited this cash in Frost Bank in December of 2018. *See* Dkt. 7-2 at 1-2, Exhibit B.

Respondent claims Petitioner is not entitled to the return of the $20,010, because Petitioner paid this money to an undercover agent in an illegal transaction. (Dkt. No. 7 at 3.) Petitioner did not respond to this claim.

---

*Blvd., Clawson, Oakland Cty., Mich.*, 986 F.2d 990, 993 (6th Cir. 1993) (holding that the District Court properly exercised jurisdiction *in rem* over a house that had been used or was intended for use to facilitate violations of drug laws and that forfeiture of house was proper).

4

### c. Item 8-Currency

Although Petitioner's Motion lists currency in the amount of $25,000, Incident Line Item 1 on the Incident Report for the Seizure of U.S. Currency from Petitioner reflects 414 bills seized from Petitioner in the amount of $7,951. (Dkt. No. 5 at 2; Dkt. No. 7-8 at 2-3, Exhibit H.) The currency is listed as administratively forfeited and deposited to BCA. (Dkt. No. 7-8 at 2-3, Exhibit H.) The "final statistic" portion of the incident report shows the deposit currency was approved on April 1, 2019. *Id.* at 3-6. Respondent further states, "the records from the Dallas County's Sheriff's Office do not reflect that Petitioner had any additional money hidden on his person at the time of his arrest, and he was searched at the scene of his arrest and at the Dallas County jail," citing "Exhibit C, U.S. currency seized located inside vehicle." (Dkt. No. 7 at 3.) Respondent's attached Exhibit C does show a large pile of money but does not indicate the amount of money within the vehicle. (*See* Dkt. No. 7-3, Exhibit C.)

Government also filed a Custody Receipt for Seized Property and Evidence. (Dkt. No. 8.) This document clarifies that the 414 figure represents the quantity of bills, for a total value of $7,951. *Id.* at 1. Government included a letter to Petitioner, dated December 31, 2018, that notified Petitioner of the seized property from U.S. Customs and Border Protection, who were located out of the Dallas Fort Worth International Airport. *Id.* at 3-6. The letter states the money was subject to forfeiture under Title 18 U.S.C. § 981(a)(1)(A). *Id.* Among this document was an "Election of Proceedings" form enclosed with the letter. *Id.* at 7. Also provided by Government was A Declaration of Administrative Forfeiture noting the forfeiture date of April 1, 2019 (Dkt. No. 8 at 9), a Notice of Seizure and Intent to Forfeit noting publication date of potential forfeiture from February 18, 2019 to March 10, 2019 (Dkt. No. 8 at 10), an Advertisement Certification Report setting out internet publication during the noted time period (Dkt. No. 8 at

11), and an email notification that the internet notification requirement was completed (Dkt. No. 8 at 12). In other words, the exhibits provided that a letter was sent by federal officials to Plaintiff's last known address in Garland, Texas, advising him of the potential forfeiture and, in addition, notification of said forfeiture was provided to the public via the internet. Petitioner did not respond to this evidence.

### d. Cell Phones-Items 9, 10, 11, 12

Government confirmed it had custody of the cell phones and no longer needed them as part of any ongoing investigation. (Dkt. No. 10 at 1.) As noted, "Respondent will return the four phones [to Petitioner] upon being provided instructions regarding where and to whom to send the phones (given Petitioner's present location in a federal prison, the phones will need to be sent somewhere other than his current address)." *Id.* "Alternatively, if [Petitioner] wishes to have a person of his choosing retrieve the phones directly from Respondent at the Bentsen Tower in McAllen, Texas, those arrangements can be made as well." *Id.*

## II. Court Proceedings

Subsequently, the undersigned issued an Order on November 1, 2021 ("the Order"), asking Petitioner to specify the contact information for shipment of the phones or to specify the contact information of who would retrieve the phones from Government at Bentsen Tower. (Dkt. No. 11 at 2.) The first copy of the Order was returned undeliverable on November 12, 2021 (Dkt. No. 12), however, a subsequent copy was sent on November 15, 2021. (Dkt. Data Entry Nov. 15, 2021.) Petitioner did not respond to said Order. Petitioner also did not respond to the Government's Motion to Dismiss or any of the Government's proffered evidence.

Petitioner's Motion for Return of Property and Respondent's Motion to Dismiss are ripe for consideration.

6

## APPLICABLE LAW & ANALYSIS

### I. Standard of Review-Pro Se Pleadings

Because Martinez represents himself in this case, his *pro se* pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Despite this lenient standard, *pro se* litigants are still required to explain or identify specific facts in support of their claims. *See United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015) (citing *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993)); *Bookman v. Shubzda*, 945 F. Supp. 999, 1004-05 (N.D. Tex. 1996) (discussing a *pro se* litigant's obligation to support his claims). Likewise, *pro se* litigants are still required to "abide by the rules that govern the federal courts." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (internal quotation marks and citation omitted).

### II. Jurisdiction

Under the Federal Rules of Criminal Procedure, a "person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district *where the property was seized*." Fed. R. Crim. Proc. 41(g) (emphasis added); *see Clymore v. U.S.*, 217 F.3d 370, 373, 376 (5th Cir. 2000). However, when state officials seize property, a movant can invoke Rule 41(g) "if: (1) federal authorities have actual possession of the property, (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized." *United States v. Watson*, No. 04-CR-182-TCK, 2011 WL 3241357, at *1 (N.D. Okla. July 28, 2011) (quoting *United States v. Downs*, 22 F. App'x 961, 963 (10th Cir. 2001)). If the items seized by local officials are listed in the U.S. Government's Exhibit List during trial, then "although the items were seized by local officials and remain in state custody, the items are in the

7

'constructive possession' of the United States because they were 'considered evidence in the federal prosecution.'" *Id.* (citing *Downs*, 22 F. App'x at 963). Notably and relevant to this proceeding, a court must dismiss a case for lack of subject-matter jurisdiction if at any point in the litigation process it discovers it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Petitioner has not filed in the district where his property was seized. Government provides evidence that local and federal officials in Dallas County, Texas, and not in Hidalgo County, Texas, seized the items Petitioner lists. The Dallas County Chain of Custody Evidence Report lists two yellow metal chains, one with a cross, listed as Items 2 and 3. (Dkt. No. 7-1, Exhibit A.) A picture taken at the time of the incident shows Petitioner likely wearing the jacket Petitioner lists as Item 1. (Dkt. No. 7-6, Exhibit F.) The December 5, 2018 Seizure of U.S. Currency from Marcial Martinez shows port code "5501 - Dallas-Fort Worth" for the $7,951 listed as Item 8 and shows a "property legal status" of "administratively forfeited." (Dkt. No. 7-8, Exhibit H.) Within the narrative section of the report it states, "On 12/13/2018, HSI Dallas took custody of the U.S. Currency seized on 12/05/2018 by the Dallas county [sic] Sheriff's Office . . . ." *Id.* Additionally, Government does not have a record of possessing the clothing listed as items 4, 5, and 6, yet presents a photo of those clothing items worn by Petitioner upon his arrest in Dallas County. (Dkt. No. 7-6, Exhibit F; Dkt. No. 7 at 4, ¶ 4(f).) And, although it was Government that seized the $20,010 named as Item 7, Government seized these funds in Dallas at the time of the arrest. Finally, the Dallas County Sheriff's Office Chain of Custody Evidence Report, pictures provided from date of arrest, the U.S. Department of Homeland Security Custody Receipt for Seized Property and Evidence, and the HSI Report listing the port code as Dallas, all list or show the cell phones, Items 9, 10, 11, and 12. (Dkt. Nos. 7-1, 7-4, 7-5, 7-7; respectively, Exhibits A,

E, D, G.)[5]

Based on the foregoing facts, each of the items seized or suspected to be seized by Dallas County (Items 1, 2, 3, 4, 5, 6) are not within the jurisdiction of the Court. *See Watson*, 2011 WL 3241357, at *1 (citing *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) ("When property is seized and held by local law enforcement officials, a federal court ordinarily lacks subject matter jurisdiction over a motion to return such property.")) The undersigned finds there is sufficient evidence to support the fact that the district court in Dallas County, not Hidalgo County, is the location where each of those items in question were seized and, accordingly, where jurisdiction is proper. From the records provided it appears local officials in Dallas County seized the clothing and jewelry. Federal officials did not seize the clothing or jewelry, take possession of the clothing or jewelry[6], or consider the clothing or jewelry evidence in Petitioner's criminal prosecution. Nor is there any evidence that Dallas County local officials, at the time it allegedly seized the clothing and jewelry items, was acting at the direction of federal officials. Therefore, there is no basis for federal subject-matter jurisdiction for the clothing and jewelry's return Petitioner seeks in his Motion.

As for Items 7-12, an argument can be made that this Court does not have jurisdiction, because each of these items, although seized by Government and not local officials, were seized in Dallas County.[7] As outlined in exhibits provided by Government, it was federal officials out

---

[5] Dkt. No. 7-4 is marked as Exhibit E (photograph of cellular phones) and Dkt. No. 7-5 is marked as Exhibit D (property receipt pertaining to cellular phones).

[6] Further, Government cannot return property it does not possess. *See Bailey*, 508 F.3d at 740 (stating if the government proves that it does not have possession or control over seized property "[petitioner's] motion must be denied because the government cannot return property it does not possess . . . .").

[7] Here, the issue of jurisdiction involves a 41(g) motion filed in a district where Government officials have actual possession of some of the property requested, but where it is a different district than where the property was seized. *Cf. Watson*, 2011 WL 3241357, at *1 (where the petitioner filed a 41(g) motion in

of Dallas who administratively forfeited the $7,951. Further, Government seized the $20,010, Item 7, in connection with Petitioner's unlawful act. Nevertheless, Government stated it has actual possession of the cell phones (Items 9-12) and offered to return them to Petitioner.

Accordingly, because of Government's actual possession of the cell phones, jurisdiction over these items will be considered proper for this motion. However, the court does not have jurisdiction over the currency seizures as they were forfeited by federal officials in Dallas County, Texas and not utilized in the criminal prosecution[8] within this jurisdiction.[9]

### III. Failure to Prosecute

Petitioner's Motion for Return of Property as to the cellular phones is subject to dismissal for Petitioner's failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such a dismissal may be made upon the court's own motion or on a motion by the opposing party. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party proceeding *pro se*, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Further, "[c]ourts are given the power to invoke this sanction

---

the *same district* where the items were seized); *see also De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (noting "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." (quotations and citations omitted)).

[8] The record exhibits for what was considered evidence in the federal prosecution were a DEA report showing the amount of methamphetamine involved in the criminal act (Dkt. No. 158-1) and a photograph of containers seized in Dallas County, Texas in relation to the criminal act (Dkt. No. 158-2). *See also* Crim. Dkt. No. 158.

[9] The appropriate jurisdiction for the money seizures is federal court in the Northern District of Texas. *See* 28 U.S.C. §124(a)(1), (b)(7).

to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district court." *Edwards v. Harris County Sheriff's Dep't.*, 864 F. Supp. 633, 636 (S.D. Tex. 1994) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

When reviewing this issue, the following factors must be weighed: docket management, public interest in efficient and judicious resolution of litigated matters, the defendant's risk of prejudice from such delay, and "the policy favoring disposition of cases on their merits." *Id.* at 636 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th Cir. 1991); *Citizens Util. Co. v. American Tel. & Tel. Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979)). The court should consider, in close cases, the petitioner's role in the delay, any prejudice to the defendant due to the delay, and if the petitioner intentionally caused the delay. *Id.* at 636-37 (citing *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

Nevertheless, "[o]nly an 'unreasonable delay' will support a dismissal for lack of prosecution." *Id.* at 637 (citations omitted). An unreasonable delay is "a significant period of total inactivity by the Petitioner," failure to heed warnings from the court that a case may be dismissed for failure to prosecute, or failure to comply with court issued rules and orders. *Id.* (citations omitted). There has been no exact period established to determine an unreasonable delay, and even a "relatively brief period of delay" is sufficient for dismissal. *Edwards*, 864 F. Supp. at 637 (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984)).

Here, the delay is a result of Petitioner's failure to communicate with this Court regarding the return of his cell phones.[10] Accordingly, a finding of an unreasonable delay is justified as

---

[10] Even if this court did have jurisdiction as to the money seizures in light of the federal prosecution, Petitioner has not responded to Government's assertion that Item 7, the $20,010 seized, was seized during Petitioner's unlawful drug trafficking activity, or Government's assertion that Item 8, $7,951 seized, has been administratively forfeited.

there have been no filings or communications with the Clerk of the Court by Petitioner for more than eight months, and Petitioner has not communicated with the Court about the return of his cell phones for three months. Therefore, Petitioner's Motion for Return of Property as to his claim for the cellular phones should be dismissed without prejudice for failure to prosecute and Respondent's Motion to Dismiss should be denied as moot.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's Motion for Return of Property (Dkt. No. 5) be **DISMISSED** without prejudice for lack of jurisdiction and failure to prosecute and Respondent's Motion to Dismiss (Dkt. No. 7) filed pursuant to Federal Rule of Civil Procedure (12)(b)(6) be **DENIED** as moot.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 3rd day of March, 2022.

Juan F. Alanis
United States Magistrate Judge